IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **ASHLEY LUHIELLIER** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CAUSE NO. _____ |
| | § | |
| **STEPHEN HECKLER, SHERIFF** | § | |
| **CHARLES WAGNER, BRAZORIA** | § | |
| **COUNTY, THE CITY OF OYSTER** | § | |
| **CREEK AND THE OYSTER CREEK** | § | |
| **POLICE DEPARTMENT** | § | |
| | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.  Plaintiff, Ashley Luhiellier, files this, her Original Complaint against Defendants, Stephen Heckler, Sheriff, Charles S. Wagner, Brazoria County, Texas, The City of Oyster Creek and The Oyster Creek Police Department.

### A) PRELIMINARY STATEMENT

2.  This is a civil action arising under 42 U.S.C. § 1983 and the United States Constitution to redress the deprivation by the Defendants, acting under color of state law, of certain rights, privileges, and immunities secured to Ashley Luhiellier by the United States Constitution.

3.  Plaintiff seeks compensatory damages together with reasonable attorneys' fees as authorized by 42 U.S.C. § 1988.

## B) PARTIES

4. Plaintiff, Ashley Luhiellier is an individual who is a citizen of the State of Texas and resides in Galveston County, Texas. The last three numbers of her social security number are 968.

5. Defendant, Stephen Heckler, an individual and citizen of the State of Texas was on the date of the complaint, a deputy employed by the Brazoria County Sheriff's Department, and may be served with process at 314 Bowie, West Columbia, Texas 77486 or wherever he may be found.

6. Defendant, Sherriff Charles Wagner, an individual and citizen of the State of Texas, was on the date of complaint the Brazoria County Sheriff, and may be served with process at 3602 County Road 45, Angleton, Texas 77515, or wherever he may be found.

7. Defendant, Brazoria County, Texas is a political subdivision of the State of Texas and may be served with process by serving Honorable Judge L.M. Matt Sebesta, Jr., at 111 E. Locust Street, Angleton, Texas 77515 or wherever he may be found.

8. Defendant, City of Oyster Creek is a city located in Brazoria County, Texas and may be served with process by serving its Mayor, Clifford L. Guidry, at 3210 FM 523 Rd, Oyster Creek, Texas 77541 or wherever he may be found.

9. Defendant, City Oyster Creek Police Department, is a municipality formed under and operating pursuant to the laws of the State of Texas and may be served with process by serving Chief Timmy Bradberry, at the City of Oyster Creek Police Department, 3210 FM 523, Oyster Creek, Texas 77541, or wherever he may be found.

## C) JURISDICTION

10. The Court has jurisdiction over Plaintiff's lawsuit because the suit arises under 42 U.S.C. §1983 and 28 U.S.C. §1331. Constitutional claims for which redress is provided by 42 U.S.C. §1983 is conferred on this Court by 28 U.S.C. §1342(a)(3). Federal question jurisdiction is also conferred on this Court by 28 U.S.C. §1331 because this action arises under the United States Constitution and laws and statutes of the Federal government passed under the authority thereof.

11. This Court has jurisdiction over Plaintiff's state law claims under the doctrine of pendent jurisdiction and under 28 U.S.C. §1367.

## D) VENUE

12. Venue is proper in this district under 28 U.S.C. §1391(a)(2) because all or a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## E) CONDITIONS PRECEDENT

13. All conditions precedent have been performed or have occurred.

## F) AGENCY / RESPONDEAT SUPERIOR

14. Whenever it is alleged in this Complaint that any Defendants did any act or thing, it is meant that the Defendants' agents, servants, employees, parent agents, ostensible agents, agents by estoppel, employees, and/or representatives did such act or thing, and at the time any such act or thing was done it was done with the Defendants' authorization or was done in the normal or routine course of agency or employment with Defendants.

## G) FACTS

15. On or about July 27, 2017, Ashley Luheiller was a passenger in a vehicle that was pulled over in Brazoria County, Texas. Ms. Luheiller had an outstanding warrant and was arrested by Stephen Heckler, a Brazoria County Sherriff Deputy. During the traffic stop, Mr. Heckler unlawfully searched Ms. Luhiellier by patting her down on the side of the road without a female officer present. After arriving at the jail, Mr. Heckler then unlawfully searched Ms. Luheiller once again, unlawfully held her captive in a shower stall at the jail, unlawfully ordered her to remove her clothes and change into the jail assigned clothing in front of him.

## COUNT 1 - VIOLATIONS OF MS. LUHIELLIER'S CONSTITUTIONAL & STATUTORY RIGHTS BY BRAZORIA COUNTY

16. The Fourth Amendment of the United States Constitution and Article 1.06 of the Texas Code of Criminal Procedure protect Texans against unreasonable searches and seizures by the government. In order to conduct a search or seizure, probable cause must exist. The evidence, on which a determination of probable cause for arrest was allegedly based, did not exist. The above acts and/or omissions by the Defendants were the proximate cause of significant damages to the Plaintiff.

## COUNT 2 - VIOLATIONS OF 42 U.S.C. § 1983 BY HECKLER, SHERIFF WAGNER, BRAZORIA COUNTY AND OYSTER CREEK

17. Defendants had a duty to properly and thoroughly screen potential officers and/or deputies to determine whether said deputies had propensities for violence or insubordination. Although Defendants had such a duty, they failed to perform adequate inquiries into the backgrounds of any of the officers and/or deputies who participated in the sexual assault and unnecessary use of force on Ashley Luhiellier. Defendants' failure to inquire into the

backgrounds of any of the officers and/or deputies who participated in the assault of Ms. Luhiellier were a producing and/or proximate cause of Ms. Luheiller's damages.

18. Pleading further, and in the alternative, the use of excessive and objectively unreasonable force by City police officers and/or County sheriff's deputies as set out herein above complied with the deficient actual policies, procedures, practices, and customs of Brazoria County which tolerate the use of excessive force by their officers and/or deputies. Brazoria County's deliberate indifference to and conscious disregard of United States citizens' constitutional rights proximately caused Defendants' deficient actual policies, procedures, practices, and customs. Defendants' constitutionally deficient policies, procedures, practices, or customs, were a producing and/or proximate cause of Ms. Luhiellier' s damages, which was one in a pattern of similar constitutional violations.

19. Pleading further and in the alternative, Defendants breached their duty to provide their officers and/or deputies with adequate supervision. The grossly inadequate supervision resulted from and was caused by the County's deliberate indifference to Ms. Luhiellier's right not to be subjected to excessive force. Further, the officers and/or deputies who participated in the sexual assault of Ms. Luhiellier received absolutely no supervision from Brazoria County/Sheriff on the occasion in question. Finally, Defendants' grossly inadequate supervision of the officers and/or deputies who participated in the assault of Ms. Luhiellier is a producing and proximate cause of the unwarranted use of force on Ms. Luhiellier.

20. Pleading further and in the alternative, the actions of Defendant Heckler and other individuals' acts and/or omissions complained of herein, were performed while on duty and as a duly authorized agent of Defendants Brazoria County, Oyster Creek Police Department, City of Oyster Creek, and/or Sherriff Wagner.

## H)  DAMAGES

21. As the direct and proximate result of Defendants' egregious conduct, Ms. Luhiellier has suffered the following injuries and damages:

   a. Physical Pain, suffering, and mental anguish suffered in the past;

   b. Physical Pain, suffering, and mental anguish, which in reasonable probability, Ms. Luhiellier will suffer in the future;

   c. Severe mental anguish which, in reasonable probability, will continue in the future;

   d. Loss of earning capacity in the past;

   e. Loss of earning capacity in the future; and

   f. Loss of Dignity that, in all reasonable probability, Ms. Luhiellier will suffer in the future.

## I)  MISCELLANEOUS

22. Defendants' Heckler and Sheriff Wagner, and all other officers and deputies and employees of Defendant Brazoria County, The Oyster Creek Police Department, and City of Oyster Creek, were acting under color of state law at all times relevant hereto.

## J) ATTORNEY FEES

23. Defendants' grossly unnecessary and objectively unreasonable use of force, as set out above, amounts to excessive force in violation of the Fourth Amendment to the United States Constitution and made applicable to Defendants by the Fourteenth Amendment to the United States Constitution for which redress is provided by 42 U.S.C. § 1983. The above-named Defendants are liable for statutory attorney fees as authorized by 42 U.S.C. § 1988.

## K)  PRAYER

24. Plaintiff, Ashley Luhiellier request that Defendants be cited to appear and answer and that upon final hearing Plaintiff shall recover the following:

    a. Actual damages within the jurisdictional limits of this Court;

    b. Pre-judgment and post-judgment interest as allowed by law;

    c. Reasonable Attorney's fees

    c. Costs of Court; and

    d. All such other relief to which Plaintiff may show themselves justly entitled.

Respectfully submitted,
/s/  *Joseph K. Jones*
JOHN D. SLOAN
State Bar No. 185058100
jsloan@sloanfirm.com
JOSEPH K. JONES
State Bar No. 24076466
jjones@sloanfirm.com
SLOAN FIRM
3000 Smith Street, Suite 4
Houston, Texas 77006
Phone:  713-520-8833
Fax:     713-520-9933

**ATTORNEYS FOR PLAINTIFF**