UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ASHLEY LUHIELLIER | § § | |
| Plaintiff. | § § § | |
| VS. | § § | CIVIL ACTION NO. 3:18–CV–00281 |
| BRAZORIA COUNTY, TX; CITY OF OYSTER CREEK, TX; and SHERIFF CHARLES WAGNER | § § § § § | |
| Defendants. | § § | |

## **MEMORANDUM AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Dismiss Defendants Sheriff Charles Wagner and Brazoria County Without Prejudice. *See* Dkt. 41. After reviewing the motion, the response, and the applicable case law, the Court recommends that the motion be **GRANTED**.

Plaintiff Ashely Luhiellier ("Luhiellier") filed this lawsuit against several governmental entities and their employees, alleging that her Constitutional rights were violated when she was forced to strip naked in front of a male officer. Two of the defendants named in the lawsuit are Brazoria County and Sheriff Charles Wagner ("Sheriff Wagner").

Brazoria County and Sheriff Wagner filed an answer on January 25, 2019. On March 18, 2019, Luhiellier filed the pending motion, requesting that Brazoria County and Sheriff Wagner be dismissed without prejudice. On March 25, 2019, Brazoria County and

Sheriff Wagner filed their response, arguing that dismissal without prejudice is inappropriate "when a reasonable inquiry has demonstrated the facts and evidence support a dismissal with prejudice." Dkt. 49 at 3. Brazoria County and Sheriff Wagner contend that the factual record establishes with certainty that they had absolutely nothing to do with the alleged incident in question.

Federal Rule of Civil Procedure 41(a) governs the terms by which a lawsuit may be dismissed at a plaintiff's request. A plaintiff may unilaterally dismiss her action without prejudice by filing a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). If a defendant has filed an answer or a motion for summary judgment, however, Rule 41(a)(2) permits dismissal at the plaintiff's request "only by court order, on terms that the court considers proper." Because Brazoria County and Sheriff Wagner have filed an answer in this case, Rule 41(a)(2) provides the appropriate standard by which to analyze the propriety of dismissal.[1]

"Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990) (citation omitted). "Rule 41(a)(2) of the Federal Rules of Civil Procedure allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not

---

[1] In her motion, Luhiellier states that she seeks to dismiss her case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The reference to this subsection is obviously a mistake since that rule only allows for dismissal when a stipulation of dismissal signed by all parties who have appeared is filed with the court. The parties in this case have not agreed to a stipulation of dismissal.

prejudice any party." *Id.* (citation omitted). *See also Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) ("[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.").

Legal prejudice may exist when dismissal might result in a defendant's loss of a potentially valuable affirmative defense. *See id.* at 318. Legal prejudice may also occur if the defendant could lose a *forum non conveniens* defense. *See Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 179 (5th Cir. 1990). Additionally, legal prejudice may be found if "a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *Davis v. Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199 (5th Cir. 1991) (citation omitted).

None of these factors exist in the present case. There are simply no readily apparent prejudicial effects that would result from permitting dismissal without prejudice. This case is at its infancy. There are no prior court rulings adverse to Luhiellier. Voluntary dismissal will not strip Brazoria County and Sheriff Wagner of a valuable affirmative defense. If, as Brazoria County and Sheriff Wagner maintain, there are no facts supporting a claim against them, it is unlikely that Luhiellier will even contemplate filing another lawsuit against them. And, if she does think about doing so and there is no basis for such allegations, Rule 11 should provide a meaningful deterrent. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts.").

For the reasons set forth above, the Court recommends that Plaintiff's Motion to Dismiss Defendants Sheriff Charles Wagner and Brazoria County Without Prejudice be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 18th day of June, 2019.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE